[redacted]

[redacted]

**Richard MULZET, on Behalf of Himself and All Other Similarly Situated Persons and on Behalf of Himself and All Other Similarly Situated Employees,**

**v.**

**R.L. REPPERT INC.; Richard Reppert; Diana Reppert; Tim Reppert; R.L. Reppert Medical Plan; R.L. Reppert 401K Plan; R.L. Reppert Incentive Bonus Plan Richard Mulzet, Appellant.**

**No. 02–1213.**

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) Dec. 9, 2002.

Decided Dec. 11, 2002.

[redacted]

[redacted]

[redacted]

**360**

Before BECKER, Chief Judge, ROTH and SMITH Circuit Judges.

OPINION OF THE COURT

BECKER, Chief Judge.

This is an appeal by Richard Mulzet, a drywall contractor, from an adverse verdict following a bench trial of his suit against a construction company, Reppert, for which Mulzet formerly worked. After Reppert dismissed Mulzet, Mulzet sued Reppert on two grounds. First, he alleged that although he signed an employment contract describing himself as an independent contractor, his job description demonstrates that in reality he was Mulzet's employee, and he is therefore entitled to benefits under Reppert's ERISA plan. Second, he alleged that Reppert improperly denied his request for ERISA plan documents because, according to his view, he had a colorable claim to benefits under Reppert's plan and such a colorable claim entitled him to plan documents. The District Court found for Reppert on both claims, and Mulzet now appeals. Inasmuch as we write primarily for the parties, who are fully familiar with the facts, we limit our discussion to our ratio decidendi

For ERISA purposes, courts have determined whether a hired party is an employee or independent contractor by applying traditional agency law criteria developed for identifying master-servant relationships. *See Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 323–24, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). *Darden* set forth the "right to control test," which consists of twelve considerations: (1) the skill required; (2) the source of the instrumentalities and tools; (3) the location of the work; (4) the duration of the relationship between the parties; (5) whether the hiring party has the right to assign additional projects to the hired party; (6) the extent of the hired party's discretion over when and how long to work; (7) the method of payment; (8) the hired party's role in hiring and paying assistants; (9) whether the work is part of the regular business of the hiring party; (10) whether the hiring party is in business; (11) the provision of employee benefits; and (12) the tax treatment of the hired party. *Id.* No one factor is dispositive, and the list is not exhaustive. As will appear, Reppert prevails on all relevant aspects of this inquiry.[1]

The first factor, the skill required, cuts in Reppert's favor. The District Court found that the skill required to hang drywall was based on Mulzet's many years of independent experience, rather than any teaching by Reppert. *See Mulzet v. R.L. Reppert, Inc.*, 2001 WL 1550481, *3–4 (E.D.Pa.2001). Mulzet's theory, that businesses contract out only those assignments they are incapable of handling in-house, seems to us implausible; many reasons might drive such a decision, including the time line for completion of the project, minority-owned business requirements, union considerations, and costs of labor. We agree that Reppert acquired his skills independently, and therefore that this factor

---

1. We will ignore factors that are either immaterial or neutral.

supports the independent contractor theory.

The second factor, the source of instrumentalities and tools, favors Reppert. Although it is true that Mulzet was treated like an employee in the sense that all workers of any description were required to supply their own handtools, that is industry custom, and it therefore favors neither the employee nor independent contractor theory. But unlike employees, whose tools Reppert repaired, Mulzet was forced to repair his own tools over the course of a job. [A111] This factor therefore supports the independent contractor view.

The fifth factor, whether Reppert had the right to assign additional projects to Mulzet, cuts in Reppert's favor. It is uncontested that Reppert did not have the right to assign specific projects to Mulzet since he had the opportunity to refuse work if he chose to do so. [A176–177] While Reppert representatives could and did ask Mulzet to work on particular projects, he was not required or contractually bound to accept those offers. Employees, on the other hand, could not refuse work, so this factor cuts in favor of Mulzet being an independent contractor.

The sixth factor, the extent of Mulzet's discretion over when and how long to work, favors Reppert. The District Court found that Mulzet had discretion over when and where to work, and this conclusion is supported by the record. *Mulzet,* 2001 WL 1550481 at *5. Many times Mulzet worked only 2 or 3 days in a given week, and his hours varied widely from week to week. When he chose to work more than 40 hours, he was not paid for the excess time. *Id.* at *2–3. This suggests that he acted the part of an independent contractor, rather than an hourly employee.

The eleventh factor, the provision of employee benefits, cuts in Reppert's favor.

It is undisputed that Mulzet was not formally eligible for benefits; indeed, his Independent Contractor Agreement said so explicitly. *Id.* at *1. This factor therefore supports the independent contractor theory.

Finally, the twelfth factor, Mulzet's tax treatment, also supports Reppert's position. It is uncontested that Reppert treated Mulzet as an independent contractor for tax purposes, and that Mulzet treated himself that way, taking several thousands of dollars in business deductions. *Id.* at *2–3. While Mulzet argues that he was compelled to file his taxes as a 1099 employee, [Mulzet Br. at 22], this argument fails because such a worker is free to file his Form 1040 in a manner similar to one who is paid as a W–2 employee. More importantly, however, when Mulzet filed his tax returns in 1998, 1999, and 2000, he swore, under penalty of perjury, that he was a drywall contractor. *Id.* at *3. We will not construe Mulzet's tax status so as to imply perjury, as we would have to in order for Mulzet to be entitled to his claimed business deductions. We also note that even if IRS examples support Mulzet's position, a contention upon which we express no opinion, we are not bound by IRS examples. We conclude that Mulzet's choice to take deductions for business expenses provides compelling evidence of his status as an independent contractor in fact and in law.

Based on the foregoing factors, we will affirm the District Court's holding that Mulzet is an independent contractor, not an employee. This conclusion also disposes of Mulzet's second claim, that he was entitled to receive ERISA plan documents. In *Firestone Tire and Rubber Company v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Court stated:

> In our view, the term "participant" is naturally read to mean either *"employees* in, or reasonably expected to be in,

currently covered employment," or former *employees* who "have ... a reasonable expectation of returning to covered employment" or who have a "colorable claim" to vested benefits.

*Id.* at 117, 109 S.Ct. 948 (emphasis added). Mulzet argues from this language that, because his claim to be an employee is colorable, he was a participant, but *Firestone*'s language does not support his conclusion. The quoted language clearly contemplates an employee with a colorable claim for inclusion in a plan, not a person with a colorable claim to be an employee. This makes sense, for nothing in ERISA mandates that a plan cover all employees, so to prove that one is an employee would not be conclusive of one's entitlement to benefits. Because we agree with the District Court's finding that Mulzet is not an employee, we also endorse its holding that Mulzet is not entitled to plan documents.

For the foregoing reasons, the judgment of the District Court will be affirmed.